Fredrick A. Schulman (FS 7714)
Justin Blitz. (JB 1584)
**SCHULMAN, BLITZ & WILLIAMSON, LLP**
345 Seventh Avenue – 21st Floor
New York, NY 10001
(212) 871-1300



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 1 1 2009 ★

BROOKLYN OFFICE

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OLEG REGEDA,

                 Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, and Detective RICHARD
CALABRO (shield # 415),

                 Defendants.
-------------------------------------------------------------------X

CV 09- Civ. No.: 5427

**COMPLAINT**

PLAINTIFF DEMANDS
A TRIAL BY JURY

**MATSUMOTO, J.**
**CARTER, M.J.**

Plaintiff, **OLEG REGEDA**, by his attorneys, **SCHULMAN, BLITZ & WILLIAMSON, LLP** complaining of the defendants, respectfully states and alleges as follows:

### NATURE OF THIS ACTION

1. Plaintiff brings this action for monetary damages (compensatory and punitive) against **THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and Detective RICHARD CALABRO (shield # 415)**, arising out of the false arrest, false imprisonment, filing of false reports, malicious prosecution, unlawful detention, denial of medical treatment, negligent and intentional infliction of emotional distress and violation of the federal Constitutional rights of plaintiff, **OLEG REGEDA**.

2. It is alleged that on September 21, 2008 at approximately 12:00 noon, **Detective**

1

**RICHARD CALABRO (shield # 415)** (hereinafter "**CALABRO**") of the **NEW YORK CITY POLICE DEPARTMENT** (hereinafter "**NYPD**"), and as agents, servants and/or employees of defendant **THE CITY OF NEW YORK** (hereinafter "**CITY**"), acting in concert and under color of law, intentionally and willfully subjected plaintiff **OLEG REGEDA** to, *inter alia*, false arrest, false imprisonment, filing of false reports, malicious prosecution, unlawful detention, denial of medical treatment, negligent and intentional infliction of emotional distress and violated the federal Constitutional rights of plaintiff, **OLEG REGEDA**.

## THE PARTIES

3. At all times hereinafter mentioned, plaintiff **OLEG REGEDA** was and still is a resident of the County of Kings, City and State of New York.

4. At all times hereinafter mentioned, defendant **CITY** was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

5. At all times hereinafter mentioned, defendant **NYPD** was and still is a subdivision, department and/or agency of defendant **CITY**.

6. At all times hereinafter mentioned, defendant **CALABRO** was an employee of defendant **CITY**, duly appointed and acting as a police officer and detective in the **NYPD** and was an agent, servant and/or employee of defendant **CITY**, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

7. At all times hereinafter mentioned, defendant **CALABRO** was acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

## JURISDICTION AND VENUE

8.  This action is brought pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a), 42 U.S.C. §§ 1983 and 1985, the Fourth, Fifth, Eighth and Fourteenth Amendments to the constitution of the United States and under the constitution, statutes and common law of the State of New York. This court may assert supplemental jurisdiction over the state law claims as authorized by 28 U.S.C. § 1367 (a).

9.  Venue is laid within the United States District Court for the Eastern District of New York and is proper in that defendant **CITY** is located, and a substantial part of the events giving rise to the claim occurred, within the boundaries of the United States District Court for the Eastern District of New York.

## NOTICE OF CLAIM

10. That heretofore and on or about the 19th day of December, 2008, Plaintiff's Notice of Claim was duly served upon and filed with the defendants **CITY** and **NYPD**, within ninety (90) days after the cause of action herein accrued.

11. That to date, defendants **CITY** and **NYPD** have not demanded a statutory hearing of the plaintiff pursuant to General Municipal Law §50-h.

12. That at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to the defendants **CITY** and **NYPD** for adjustment and they have neglected and/or refused to make adjustments or payment thereof.

13. That this action is not commenced more than one year and ninety days after the cause of action accrued.

3

## STATEMENT OF FACTS

14. At all times hereinafter mentioned, defendant **CITY** operated, maintained, managed, supervised and controlled a police department, specifically defendant **NYPD**, as part of and in conjunction with its municipal functions.

15. At all times hereinafter mentioned, defendant **CALABRO** was an employee of defendant **CITY**.

16. At all times hereinafter mentioned, defendant **CALABRO** was an employee of defendant **NYPD**.

17. At all times hereinafter mentioned, defendant **CALABRO** was personnel of defendant **CITY**.

18. At all times hereinafter mentioned, defendant **CALABRO** was personnel of defendant **NYPD**.

19. At all times hereinafter mentioned, defendant **CITY** employed and supervised defendant **CALABRO**.

20. At all times hereinafter mentioned, defendant **NYPD** employed and supervised defendant **CALABRO**.

21. Upon information and belief, defendant **CALABRO** was a graduate of the Police Academy of the City of New York.

22. At all times relevant hereto, the defendant **CITY** had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, defendant **CALABRO** to conform his conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting himself in such a manner so as not

to intentionally, wantonly and/or negligently inflict injuries to individuals such as plaintiff herein. In addition, at all times relevant hereto, the defendant **CITY** had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels defendant **CALABRO** in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

23. At all times relevant hereto, the defendant **NYPD** had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, defendant **CALABRO** to conform his conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting himself in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to individuals such as plaintiff herein. In addition, at all times relevant hereto, the defendant **NYPD** had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels defendant **CALABRO** in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

24. At all times hereinafter mentioned, defendant **CALABRO** was acting in his capacity as an employee, agent or servant of the defendant **CITY**.

25. At all times hereinafter mentioned, defendant **CALABRO** was acting in his capacity as an employee, agent or servant of the defendant **NYPD**.

26. At all times hereinafter mentioned, defendant **CALABRO** was acting under color of law.

27. At all times hereinafter mentioned, the defendants' acts constituted state action.

28. On September 21, 2008 at approximately 12:00 PM, without reasonable suspicion and without just, reasonable, lawful or proper cause to arrest, the plaintiff **OLEG REGEDA** was

arrested and charged with various crimes, including criminal contempt in the second degree, harassment in the second degree and multiple counts of aggravated harassment in the second degree by employees of defendants **CITY** and **NYPD**, including defendant **CALABRO**, at the 62nd Precinct located at 1925 Bath Avenue in the County of Kings, City and State of New York.

29. On September 21, 2008, employees of defendants **CITY** and **NYPD**, including defendant **CALABRO**, wrongfully and improperly detained and arrested plaintiff, **OLEG REGEDA**.

30. On September 21, 2008, employees of defendants **CITY** and **NYPD**, including defendant **CALABRO**, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative police behaviors and procedures, detained and arrested plaintiff **OLEG REGEDA** when it was not right, just, lawful, proper, or necessary to do so.

31. On September 21, 2008, employees of defendants **CITY** and **NYPD**, including defendant **CALABRO**, deprived and denied the plaintiff, **OLEG REGEDA**, proper and timely medical care, thereby causing him to sustain severe and permanent injuries.

32. On September 21, 2008, employees of defendants **CITY** and **NYPD**, including defendant **CALABRO**, while acting in concert, maliciously and with intent to injure plaintiff, and without just cause or any right to do so, handcuffed, detained, jailed and restrained the plaintiff, **OLEG REGEDA**, of his liberty, against the will of the plaintiff.

33. At no time did the plaintiff **OLEG REGEDA** offer resistance as the defendants arrested him.

34. The arrest of the plaintiff **OLEG REGEDA** by employees of defendants **CITY** and **NYPD**, including defendant **CALABRO**, was perpetrated without a warrant or other legal process and without probable cause.

35. Plaintiff **OLEG REGEDA** was falsely arrested under arrest number K08683930.

36. Plaintiff **OLEG REGEDA** was detained against his will without probable cause.

37. Defendants acted maliciously and intentionally.

38. Plaintiff **OLEG REGEDA** was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined in various facilities of defendants **CITY** and **NYPD**, including the 62nd Precinct, Brooklyn Central Booking and Kings County Criminal Court, and other facilities and locations.

39. Eventually, the plaintiff, **OLEG REGEDA**, was released from such confinement and detention.

40. Thereafter, the plaintiff was forced to return to court on multiple occasions, over a period of approximately five months, appearing in public, and before the public, as a defendant, a person accused of criminal acts of which he was not guilty.

41. All charges against plaintiff were subsequently dismissed or otherwise disposed of.

42. The foregoing enumerated acts of the defendants were all done without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

43. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff **OLEG REGEDA** suffered violations of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person, freedom from the use of excessive, unreasonable and unjustified force, freedom to have access to timely and proper medical care, and treatment and violations of his civil rights under 42 U.S.C. §§ 1983 and 1985.

44. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff **OLEG REGEDA** suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer continuous pain and other significant bodily limitations.

45. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff **OLEG REGEDA** was caused severe and intense emotional anguish, humiliation, distress and embarrassment, and upon information and belief, will continue to suffer same.

46. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff **OLEG REGEDA** felt grave fear and intimidation for his safety and well being by virtue of the intentional, deliberate and malicious acts of the officers including the manner in which they falsely arrested and detained him.

47. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff **OLEG REGEDA** required medical attention and did necessarily pay and become liable for the costs thereof, and upon information and belief, will necessarily incur similar medical expenses in the future.

48. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff **OLEG REGEDA** did suffer a loss of earnings, and upon information and belief, will continue to incur a loss of earnings in the future.

49. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff **OLEG REGEDA** was compelled to, and did incur legal fees

and did necessarily pay and become liable for the costs thereof, and upon information and belief, plaintiff **OLEG REGEDA** will necessarily incur additional and similar legal fees in the future.

50. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff **OLEG REGEDA** under the Fourth and Fourteenth Amendments to the United States Constitution, including freedom from the unreasonable search and seizure of his person, freedom from the use of excessive, unreasonable and unjustified force against a person, as well as freedom to have access to timely and proper medical care and treatment.

## **FIRST CLAIM FOR RELIEF**

### AGAINST INDIVIDUAL DEFENDANTS

### VIOLATION OF CIVIL RIGHTS AFFORDED BY
### 42 U.S.C. § 1983 and 42 U.S.C. §1985

51. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "50", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

52. Defendants falsely arrested, detained and imprisoned Plaintiff in violation of his federal Constitutional rights under the fourth, eighth and fourteenth amendments of the United States Constitution and in violation of 42 USC § 1983.

53. The defendants, acting in concert and under the color of law, have deprived plaintiff **OLEG REGEDA** of civil, constitutional and statutory rights and have conspired to deprive plaintiff **OLEG REGEDA** of such rights and are liable to plaintiff **OLEG REGEDA** under 42 U.S.C. § 1983 and 42 U.S.C. §1985.

54. As a result of the foregoing, plaintiff **OLEG REGEDA** suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal

emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF

AGAINST INDIVIDUAL DEFENDANTS

FALSE ARREST and FALSE IMPRISONMENT

55. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "54", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

56. The defendants arrested, detained and imprisoned plaintiff **OLEG REGEDA**, without warrant, and without reasonable, just or probable cause.

57. Defendants subjected plaintiff **OLEG REGEDA** to false arrest, imprisonment, and deprivation of liberty without probable cause.

58. Said actions were excessive, unwarranted, unnecessary and violent and violated plaintiff **OLEG REGEDA**'s rights under the United State constitution and constituted false arrest and false imprisonment under New York State law.

59. As a result of the foregoing, plaintiff **OLEG REGEDA** suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## **THIRD CLAIM FOR RELIEF**

AGAINST INDIVIDUAL DEFENDANTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "59", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

61. Defendants' conduct, in violating his federal Constitutional rights, falsely arresting and imprisoning plaintiff **OLEG REGEDA** was extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

62. Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff **OLEG REGEDA**.

63. As a result of the foregoing, plaintiff **OLEG REGEDA** suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## **FOURTH CLAIM FOR RELIEF**

AGAINST INDIVIDUAL DEFENDANTS

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "63", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

65. Defendants' conduct, violating his federal Constitutional rights, falsely arresting and imprisoning plaintiff **OLEG REGEDA** was careless and negligent as to the emotional health of Plaintiff.

66. As a result of the foregoing, plaintiff **OLEG REGEDA** suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## FIFTH CLAIM FOR RELIEF

AGAINST INDIVIDUAL DEFENDANTS

COMMON LAW NEGLIGENCE

67. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "66", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

68. Employees of defendants **CITY** and **NYPD**, including defendant **CALABRO**, were negligent in their conduct, in causing, or allowing, the aforesaid occurrence to take place.

69. Employees of defendants **CITY** and **NYPD**, including defendant **CALABRO**, while acting in concert, negligently arrested the plaintiff **OLEG REGEDA**.

70. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SIXTH CLAIM FOR RELIEF

MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND NYPD

COMMON LAW NEGLIGENCE

71. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "70", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

72. Defendant **CITY**, was negligent in its operation, management, supervision and control of defendant **NYPD**.

73. Defendants **CITY** and **NYPD** were negligent in its hiring, training, supervising and evaluating its agents, servants and employees, including but not limited to defendant **CALABRO**.

74. As a result of the foregoing, plaintiff **OLEG REGEDA** suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SEVENTH CLAIM FOR RELIEF

MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND NYPD

*RESPONDEAT SUPERIOR*

75. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "74", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

76. Defendants **CITY** and **NYPD** are liable for the damages suffered by the plaintiff as a result

of the conduct of its agents, servants and employees, under the doctrine of *respondeat superior.*

77. Defendants **CITY** and **NYPD** by their agents, servants and employees, subjected plaintiff to false arrest, false imprisonment, violation of his federal Constitutional rights, malicious prosecution, physical, emotional and psychological injuries, embarrassment, shame and public humiliation, loss of income, medical and legal expenses.

78. As a result of the foregoing, plaintiff **OLEG REGEDA** suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## **EIGHTH CLAIM FOR RELIEF**

MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND NYPD

VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983 and 42 U.S.C. §1985

79. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "78", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

80. Defendants **CITY** and **NYPD** knew or should have known of its employees', agents', and/or servants' propensity to engage in the illegal and wrongful acts detailed above.

81. Prior to September 21, 2008, defendants **CITY** and **NYPD** developed and maintained policies and/or customs exhibiting deliberate indifference and reckless disregard to the federal constitutional rights of persons in the City of New York, which policies and/or customs caused the violation of plaintiff's rights.

82. Upon information and belief, it was the policy and/or custom of defendants **CITY** and **NYPD** to improperly and inadequately investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by defendants **CITY** and **NYPD**, including, but not limited to incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make, false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

83. It was the policy and/or custom of defendants **CITY** and **NYPD** to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. Defendants **CITY** and **NYPD** did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

84. As a result of the above described policies and/or customs, police officers of the **NYPD** believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

85. The above policies and/or customs demonstrated a deliberate indifference and reckless disregard on the part of policymakers of the defendants **CITY** and **NYPD** to the constitutional rights of persons within the City of New York, and were the cause of the violations of plaintiff's rights alleged herein.

86. As a result of the foregoing, plaintiff **OLEG REGEDA** suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## NINTH CLAIM FOR RELIEF

### DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE TO PROTECT WHILE IN CUSTODY

### VIOLATION OF CIVIL RIGHTS AFFORDED BY 42 U.S.C. § 1983

87. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "86", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

88. By their conduct and under color of law, defendant **CALABRO** as well as other agents, servants and employees of defendants **CITY** and **NYPD**, deprived plaintiff of his federal constitutional rights pursuant to the Fourth, Fourteenth and Eighth Amendments to the United State Constitution, to immediate medical treatment and failed to protect him once he became a prisoner, thus perpetuating and exacerbating his physical and mental pain and suffering.

89. Defendants failure to provide plaintiff with proper and timely medical care showed a deliberate indifference to, and reckless disregard of, claimant's health, safety, welfare, and civil rights guaranteed under the United States Constitution.

90. As a result of the foregoing, plaintiff **OLEG REGEDA** suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal

emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## TENTH CLAIM FOR RELIEF

### MALICIOUS PROSECUTION

91. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "90", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

92. Defendants, acting in concert, knowingly, intentionally, and maliciously caused a false criminal accusatory instrument to be filed against plaintiff **OLEG REGEDA.**

93. As a result of the foregoing, plaintiff **OLEG REGEDA** suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages on each Claim for Relief, and plaintiffs demands an additional sum of punitive damages on each Claim for Relief, to be determined at the trial of this action and, in the event plaintiffs are a prevailing party, attorneys' fees, interest, costs, disbursements and such other relief as to this Court shall seem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues in the above matter.

Dated: New York, New York
       December 10, 2009

>                     Respectfully submitted,
>
>                     SCHULMAN, BLITZ & WILLIAMSON, LLP
>                     *Attorneys for Plaintiff*
>
>                     by: _____
>                         Fredrick A. Schulman (FS 7714)
>                         Justin M. Blitz (JB 1584)
>                     345 Seventh Avenue, 21st Floor
>                     New York, New York 10001
>                     (212) 871-1300