FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 12 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
OLEG REGEDA,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, AND Detective RICHARD
CALABRO (shield #415),

                Defendants.
----------------------------------------X

**MEMORANDUM & ORDER**

09-CV-5427 (KAM)(VVP)

**MATSUMOTO, United States District Judge**:

      On November 22, 2013, plaintiff Oleg Regeda, proceeding *pro se*, filed a letter objecting to and seeking review of the Honorable Viktor V. Pohorelsky's denial of plaintiff's motion to reschedule the deposition of defendant Detective Richard Calabro. (Pl's Mot., ECF No. 66.) By order dated November 13, 2013, Judge Pohorelsky ruled that in lieu of rescheduling Detective Calabro's deposition, plaintiff could submit written deposition questions to Detective Calabro by December 10, 2013. (*See* Minute Entry dated Nov. 13, 2013, ECF No. 65; *see also* Tr. of Nov. 13, 2013 Conference ("Tr.") at 6, ECF No. 68.) Judge Pohorelsky further ruled that if the court, upon review of plaintiff's written questions, believed that an in-person deposition was "the only effective means for obtaining the information plaintiff seeks from Detective Calabro, the court will reconsider whether to reschedule the deposition."

(Minute Entry dated Nov. 13, 2013.) Judge Pohorelsky made this ruling after plaintiff failed to attend the Calabro deposition, which plaintiff himself had noticed. Defendants have submitted a letter in opposition to plaintiff's request to overturn Judge Pohorelsky's order. (Defs.' Opp., ECF No. 67.)

Detective Calabro's deposition had been scheduled for several months. In August 2013, Judge Pohorelsky ordered that the deposition be held on November 6, 2013 at 2pm. (Minute Entry dated Aug. 28, 2013, ECF No. 58.) By letter filed on November 4, 2013, plaintiff asked that the deposition be held at noon on November 6, 2013, a request the court granted. (ECF Nos. 62, 63.) On November 6, Detective Calabro and his counsel waited for an hour past the scheduled deposition start time, but plaintiff did not appear, nor did he contact his adversary or the court to inform them of his whereabouts. (Tr. at 5; Defs.' Opp. 2.)

Judge Pohorelsky subsequently held a conference on November 13, 2013, during which he denied plaintiff's request to reschedule Detective Calabro's deposition because plaintiff had not shown good cause for missing the deposition. (Tr. at 5.) The court did, however, permit plaintiff to submit written deposition questions to Calabro. (Minute Entry dated Nov. 13, 2013.) The court also held that it would revisit plaintiff's request for a deposition of Detective Calabro after reviewing

the detective's responses to plaintiff's written questions. (Minute Entry dated Nov. 13, 2013.) Plaintiff now appeals Judge Pohorelsky's discovery ruling, stating that he "was late and missed [the] deposition" because he was unwell, has been unable to sleep well for some time, and because of slow subway service. (Pl.'s Mot. 1.)

Having reviewed the docket in this case, including plaintiff's November 22 letter and defendants' opposition, the court denies plaintiff's objections. In light of the history of extensions granted to plaintiff during this action and the fact that plaintiff noticed the deposition and the court ordered the deposition to be held on November 6, Judge Pohorelsky acted well within his discretion in making this ruling. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), a broad array of sanctions may be imposed on a party who "fails to obey [a court] order to provide or permit discovery." Such sanctions may include "prohibiting the disobedient party . . . from introducing designated matters in evidence" or dismissing the action. Fed. R. Civ. P. 37(b)(A)(ii), (v). Federal Rule of Civil Procedure 30(g) also permits the court to order a litigant who has noticed a deposition but does not appear to reimburse the opposing party for that party's attorney's fees and costs.

Moreover, plaintiff has asked repeatedly for extensive adjournments in this case due to reasons similar to those raised

in the instant request for review. Plaintiff has also been warned repeatedly about the potential consequences of further delays and of not adhering to court orders. A full list of such delays at plaintiff's request will not be recounted here; however, representative examples include: a stay of the case, requested by plaintiff, from April 2011 to October 2011 so that plaintiff could attend to personal matters; an extension of time from November 7, 2011 to December 1, 2011 to oppose defendants' motion to dismiss, giving plaintiff a total of five months to oppose the motion; and a three-month extension of time to file objections to Judge Pohorelsky's September 7, 2011 Report and Recommendations, followed by an additional one-month extension of time. (ECF Nos. 14, 22, 31, 34.) All of these requests for additional time were premised on similar reasons to those plaintiff offers here. (*See* Tr. at 5 (Judge Pohorelsky's observation that plaintiff's reasons for not appearing at Detective Calabro's deposition were the same as those plaintiff had offered previously and were not supported by documentation).) As Judge Pohorelsky noted during a scheduled April 12, 2013 conference that plaintiff failed to attend, the "repetitiveness [of] the reasons . . . for the extensions . . . calls into question the credibility of [plaintiff's] stated need for yet further extensions." (Tr. of Apr. 12, 2013 Hr'g at 8, ECF. No. 47.) Moreover, in granting extensions, the court

warned plaintiff that his continuing to miss deadlines could result in the case being dismissed. (*See* Orders dated Nov. 4, 2011 and Sept. 25, 2012.)

In his ruling of November 13, 2013, Judge Pohorelsky did not impose any of the more serious sanctions available to him but instead permitted plaintiff to take discovery of Detective Calabro by alternative means. Moreover, Judge Pohorelsky noted that he would revisit his ruling if a deposition on written questions was found to be ineffective.

"A magistrate judge is empowered by the Federal Magistrate's Act and Federal Rules of Civil Procedure 72 to make findings as to non-dispositive pretrial matters, such as discovery matters." *Garcia v. Benjamin Grp. Enter.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011); *see also Kiobel v. Millson*, 592 F.3d 78, 86, 88 (2d Cir. 2010) (Cabranes, J., concurring) (noting that "discovery disputes are within the core statutory authority of magistrate judges," and that, consequently, magistrate judges have "authority to impose sanctions for the violation of discovery orders"). A magistrate judge's ruling on nondispositive pretrial matters, such as discovery sanctions, will not be overturned unless the ruling is clearly erroneous or contrary to law. *Magee v. Paul Revere Life Ins. Co.*, 178 F.R.D. 33, 37 (E.D.N.Y. 1998) (citing *Thomas E. Hoar, Inc v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).

For the foregoing reasons, there is no such clear error here and plaintiff's objections to Judge Pohorelsky's ruling are overruled. The Clerk of Court is respectfully requested to serve a copy of this order on plaintiff and to file proof of service on the docket sheet.

**SO ORDERED**

Dated:  Brooklyn, New York
        December 12, 2013

                                              /s/
                                    **Kiyo A. Matsumoto**
                                    United States District Judge
                                    Eastern District of New York