```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

OLEG REGEDA,

                               Plaintiff,

    -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, and DETECTIVE
RICHARD CALABRO (shield #415),

                               Defendants.

**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATIONS**

09-cv-5427 (KAM)(VVP)

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        On December 11, 2009, plaintiff Oleg Regeda ("plaintiff"), initially represented by counsel[1], commenced this action against the City of New York (the "City"), the New York City Police Department ("NYPD"), and NYPD Detective Richard Calabro ("Detective Calabro") (collectively, "defendants") alleging that defendants unconstitutionally arrested and prosecuted him in September 2008. (*See* Compl. ¶ 2, ECF No. 1.) Plaintiff's complaint alleges claims of false arrest, malicious prosecution, and medical indifference pursuant to 42 U.S.C. §§ 1983 and 1985, as well as negligent and intentional infliction of emotional distress, negligence, and negligent hiring and supervision pursuant to New York state law. (*See id.* ¶¶ 51-93.)

---

[1] On August 13, 2010, Magistrate Judge Andrew Carter granted plaintiff's attorney's motion to withdraw as counsel.

The court referred the motion to dismiss to Judge Pohorelsky who issued a Report and Recommendation ("R&R") on September 7, 2012 recommending that the court grant in part and deny in part defendants' motion for judgment on the pleadings, and grant plaintiff leave to partially amend his complaint. On February 19, 2013, the court adopted Judge Pohorelsky's R&R in its entirety. (Order Adopting R&R, dated 2/19/13, ECF No. 35.) Specifically, the court ruled as follows: (1) plaintiff's claims against the NYPD were dismissed with prejudice; (2) plaintiff's claims for municipal liability against the City pursuant to 42 U.S.C. §§ 1983 and 1985 were dismissed with prejudice; (3) plaintiff's claims for negligent and intentional infliction of emotional distress against all defendants were dismissed with prejudice; (4) plaintiff's denial of medical treatment claim pursuant to 42 U.S.C. § 1983 against Detective Calabro was dismissed with leave to re-plead the claim; (5) defendants' motion was denied as to all other claims. Thus, plaintiff's false arrest, malicious prosecution and *respondeat superior* claims survived the motion to dismiss, and plaintiff was granted leave to replead his medical indifference claim pursuant to 42 U.S.C. § 1983.

On December 12, 2014, the City and Detective Calabro (the "remaining defendants") moved for summary judgment pursuant

to Federal Rule of Civil Procedure 56.  (Mot. for Summ. J., filed 12/12/14, ECF No. 82.)  On April 23, 2015, the court referred the remaining defendants' motion for summary judgment to Judge Pohorelsky for report and recommendation.  (Order Referring Mot., dated 4/23/15.)  On August 14, 2015, Judge Pohorelsky issued a R&R recommending that the court grant the remaining defendants' motion for summary judgment in full and dismiss plaintiff's claims with prejudice.  (R&R, dated 8/14/15, ECF No. 87.)

The R&R notified the parties that the deadline to file objections was within fourteen days of receipt of the R&R.  (*Id.*)  Plaintiff objected to the R&R on August 28, 2015.  (Pl.'s Objs. to R&R, dated 8/28/15, ECF No. 88.)  The remaining defendants responded to plaintiff's objections on September 25, 2015.  (Defs.' Resp. to Pl.'s Objs., dated 9/25/15, ECF No. 90.)

A district court reviews those portions of an R&R to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ."  28 U.S.C. § 636(b)(1)(C).  However, where no objections to the R&R have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record."  *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001)

(quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

As an initial matter, the court notes that plaintiff's objections merely repeat the arguments that plaintiff has made in his opposition to the motion for summary judgment. District courts often apply a clear error standard of review where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection"); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011). The court nonetheless conducts a *de novo* review of the portions of the R&R to which plaintiff has objected.

Plaintiff objects to the R&R's finding that Detective

Calabro had probable cause to arrest the plaintiff on the grounds that plaintiff did not violate the temporary order of protection ("TOP") and that the remaining defendants failed to present any proof that plaintiff violated the TOP. (Pl.'s Objs. at 4-5.) The court finds, as Judge Pohorelsky did, that there is no genuine issue of material fact[2] as to whether Detective Calabro had a reasonable basis for believing that plaintiff made calls to Ms. Olha Kulak in violation of the TOP. Pursuant to the criminal complaint, Ms. Kulak reported to the NYPD that plaintiff called her repeatedly on her office and cell phones and threatened her in violation of the TOP. (Decl. of Daniel Passeser ("Passeser Decl."), Exh. C, ECF No. 82-5.) Plaintiff also testified at his deposition that Detective Calabro interviewed Ms. Kulak in connection with plaintiff's arrest and that she refused to drop the charges. (Passeser Decl., Exh. B (Regeda Dep.) at 63:3-11, ECF No. 82-4.) Consequently, the court affirms the R&R's dismissal of plaintiff's false arrest claim under federal and state law.

        Plaintiff objects to the R&R's finding that

---

[2] In his objections, plaintiff points to an email written in Russian from Ms. Kulak in 2009, which plaintiff translates himself in his affidavit. (Pl.'s Objs. at 5; Pl.'s Aff. at 3-4, dated July 21, 2011, ECF No. 83-1.) The court finds plaintiff's translation is inadmissible without a certification of translation is and consequently not cognizable on summary judgment. *See, e.g.*, *G. Simons & Co. S.A. v. New Bar of North America*, 98-cv-5162, 2005 WL 1137348, at *7 (S.D.N.Y. May 13, 2005)(finding foreign language document without certified translation is inadmissible hearsay and therefore not cognizable on summary judgment).

plaintiff's malicious prosecution claim is barred in the absence of a showing of favorable termination. (Pl.'s Objs. at 5.) The R&R finds that plaintiff has failed to make a showing that the final disposition of his criminal charges is indicative of innocence as required for a malicious prosecution claim to proceed. (R&R at 12.) Upon the court's *de novo* review of this portion of the R&R, the court finds that the R&R erred in making this finding. Plaintiff submitted, as exhibit 26 to his opposition to the summary judgment motion, the Certificate of Disposition Dismissal in his case. (Pl.'s Opp., Exh. 26, ECF No. 83-25.) The Certificate of Disposition Dismissal states that the dismissal is "a termination of the criminal action in favor of the accused and pursuant to Section 160.60 of the criminal procedure law 'the arrest and prosecution shall be deemed a nullity and the accused shall be restored . . . to the status occupied before the arrest and prosecution.'" (*Id.*) This Certificate of Disposition Dismissal constitutes evidence that plaintiff's criminal charge was terminated in his favor in the context of a malicious prosecution claim. *See, e.g.*, *Anderson v. City of New York*, 817 F. Supp. 2d 77, 92 (E.D.N.Y. 2011). Consequently, the court declines to adopt the R&R insofar as it finds that plaintiff failed to make an adequate showing of favorable termination with regard to his malicious

6

prosecution claim. The court nonetheless affirms the R&R's decision to dismiss plaintiff's malicious prosecution claims under federal and state law on the ground that no reasonable jury could find that Detective Calabro lacked probable cause to commence the criminal proceeding.

Lastly, plaintiff objects to the R&R's dismissal of his medical indifference claim. (Pl.'s Objs. at 5-6.) The court, upon *de novo* review of the record, finds there are no material issues of fact as to (1) whether Detective Calabro was personally involved in the alleged deprivation of medical care and (2) whether Detective Calabro had actual knowledge of, or consciously disregarded, a substantial risk of serious harm. Defendants have submitted evidence, specifically plaintiff's deposition testimony, that plaintiff declined Detective Calabro's offers of food and water, plaintiff did not ask Detective Calabro to see a doctor, and Detective Calabro never made plaintiff sit on a concrete floor or stand for an extended period of time. (Passeser Decl. at 64:6-67:23.) Consequently, plaintiff's deliberate indifference claim under federal and state law must be dismissed.

Finally, with regard to plaintiff's claim of *respondeat superior* liability under New York state law, the court dismisses the claim because the underlying claims against

7

Detective Calabro have been dismissed.  *See Harsco v. Segui*, 91 F.3d 337, 349 (2d Cir. 1996)(dismissing claims predicated on *respondeat superior* liability where there was no "surviving underlying theory of liability").

## CONCLUSION

Upon a careful clear error and *de novo* review of the record and Judge Pohorelsky's well-reasoned Report and Recommendation, the court affirms and adopts the R&R with the exception of Judge Pohorelsky's finding that plaintiff failed to provide evidence in support of the favorable termination element of his malicious prosecution claim.  Consequently, the remaining defendants' motion for summary judgment on all remaining claims is granted in its entirety.  The Clerk of the Court is respectfully directed to enter judgment in favor of the City of New York and Detective Calabro; send copies of this Order, the Judgment and an Appeals packet to plaintiff; note service of the foregoing on the docket; and close this case.

**SO ORDERED.**

Dated: September 30, 2015
       Brooklyn, New York

                                                      ___/s/___
                                                   Kiyo A. Matsumoto
                                                   United States District Judge